IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WHEELER BROS, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.2:14-cv-1258-PGB-TFM |
| | ) | |
| ROBERT L. JONES, JR., *et. al*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RECOMMENDATION OF THE MAGISTSRATE JUDGE**

On March 28, 2018, Plaintiff, Wheeler Bros, Inc. filed a motion for Writ of Execution or Charging Order.  (Doc. 221).  This matter was referred by District Judge Paul G. Byron to the undersigned for ruling, or . . . issuance of a Report and Recommendation. (Doc. 222).  In this Motion, Defendant seeks to attach the Defendant, Robert L. Jones, Sr.'s interest in Best Buy Automotive and Tires, LLC, 3835 Atlanta Hwy. Montgomery, Alabama pursuant to Fed. R. Civ. P. 69(a)(1) and Ala. Code § 10A-5A-5.03(a).[1]  Rule 69(a)(1) states as follows:

> "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise.   The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

Also 10A-5A-5.03 provides the following:

---

[1]The Court notes that Ala. Code § 10A-5-6.05 (a), which Plaintiff cited in its Motion has been Repealed by Act 2014-144, p. 265 § 3 effective January 1, 2017.

"(a)  On application to a court of competent jurisdiction by an judgment creditor of a member or transferee, the court may charge the transferable interest of the judgment debtor with payment of the unsatisfied amount of the judgment with interest,  To the extent so charged and after the limited liability company has been served with the charging order, the judgment creditor has only the right to receive any distribution or distributions to which the judgment debtor would otherwise be entitled in respect of the transferable interest."

On April 3, 2018, this Court entered an Order giving Defendant Robert L Jones, an opportunity to respond to this motion on or before Friday, April 13, 2018.  (Doc. 223). Jones has failed to respond.  Moreover, in this Order the Court noted that on May 15, 2017, it entered Judgment against Robert L. Jones, Sr. and Best Buy Automotive & Tires, LLC in the amount of $357, 384.70.  (Doc. 177) and also on the same day entered Judgment for sanctions against Defendant Robert L Jones, Sr. and Best Buy Automotive & Tires, LLC in the amount of $58,074.31. (Doc. 178).  Accordingly, the Court concludes that Plaintiff Wheeler Bros., Inc.'s Motion for Writ of Execution or Charging Order (Doc 221) is due to be granted and an appropriate Order entered by the District Judge.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff Wheeler Bros, Inc.'s Motion for Writ of Execution or Charging Order (Doc. 221) filed March 28, 2018 be GRANTED.  It is further the RECOMMENDATION that an Order be entered by the District Judge in this matter which states as follows:

This matter is pending before the Court on Plaintiff's Motion for Writ of Execution or Charging Order.  (Doc. 221).  For good cause shown, it is

ORDERED that the Motion (Doc. 221) be GRANTED and that the financial interest of Defendant Robert L. Jones, Sr. in Best Buy Automotive and Tires, LLC, be charged with the payment of the unsatisfied amount of the judgment, accrued

2

interest thereon, and that Best Buy Automotive and Tires, LLC, shall report to Counsel for Plaintiff each time a distribution is made with respect to any financial interest, listing the amount and time of all distributions made at the time or in connection with that distribution, and distributing to Counsel for the plaintiff any amounts that otherwise become due or distributable to the Defendant Robert L Jones., Sr. to be credited against the judgment balances.

It is further ORDERED that the parties file any objections to this Recommendation on or before **May 3, 2018.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 18th day of April, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE